## J. S. GARLINGTON v. THE STATE.

No. 19017.   Delivered June 2, 1937.
State's Rehearing Denied November 10, 1937.

The opinion states the case.

*H. C. Hooser,* of Big Spring, and *O. M. Street,* of Dallas, for appellant.

*Lloyd W. Davidson,* State's Attorney, of Austin, for the State.

CHRISTIAN, JUDGE.—The offense is altering a public record; the punishment, a fine of $100.

The prosecution proceeded under Art. 1002, P. C., which reads as follows:

"If any person, without authority of law, shall wilfully and maliciously change, alter, mutilate, destroy, deface or injure any book, paper, record, or any other document, required or permitted by law to be kept by any officer within this State, he shall be fined not exceeding five thousand dollars, or imprisoned in the penitentiary not less than one nor more than five years."

Appellant, who was county judge of Howard County, had a controversy with the members of the commissioners' court concerning the purchase of some machinery, his position being that the advertisement for bids for said machinery was not in accordance with law. Hence he refused to participate in closing the contract for the purchase. The result was that one of the commissioners nominated another member to preside as "chairman of the board." Appellant protested, saying that the court had no right to unseat him. According to the testimony of the commissioners, appellant left the session of the court and declined to preside, whereupon they elected one of their members to act in his place. At this meeting they entered up an order embracing, among other things, the following recital: "At this time on the fourteenth of October, 1935, the county judge refused to act as chairman and retired from the courtroom." Moreover, the order recited that J. S. Winslow, one of the commissioners, was elected chairman to act in the absence of the county judge, or when the county judge refused to act, and that said motion was seconded by W. M. Fletcher, another commissioner. When the order came to appellant's attention he asked the commissioners to recede from the position they had taken. This they declined to do. Appellant then changed the order appearing on the minutes by erasing that part showing that he had retired from the courtroom and refused to act, and also the other recitals showing the election of J. S. Winslow as chairman. The members of the commissioners' court who testified on the trial stated that appellant had left the courtroom and had refused to preside. In his testimony appellant took issue with the commissioners and declared that he had at no time declined to preside over the court. Moreover, he testified

that he believed that he had the right to make the erasure in question in order that the minutes of the commissioners' court might speak the truth.

It is observed that the statute requires that the act of changing the record, in order to be punishable, must be wilfully and maliciously done. We are of opinion that the evidence fails to show that appellant maliciously altered said record. It follows that the evidence is insufficient to support the conviction.

It might be added that appellant's requested instruction No. 4 should have been submitted to the jury. In said charge the jury would have been advised, in substance, to acquit appellant if they entertained a reasonable doubt as to whether he believed he had the right to correct the minutes by making said erasure. The charge given by the court submitting this issue embraced a condition more burdensome to appellant than the evidence warranted.

The judgment is reversed and the cause remanded.

*Reversed and remanded.*

The foregoing opinion of the Commission of Appeals has been examined by the Judges of the Court of Criminal Appeals and approved by the Court.

### ON MOTION FOR REHEARING.

HAWKINS, JUDGE.—The record discloses an unfortunate controversy between appellant on the one side and the County Commissioners on the other, regarding the purchase, or proposed purchase, of some road machinery. The Commissioners had caused an order to be placed in the minutes of the Commissioners Court, which appellant claimed did not reflect the true facts. Appellant changed the minutes to make them speak what he appears to have thought occurred. It was charged in the indictment that appellant acted "wilfully and maliciously" in changing the minutes. The State's motion for rehearing was filed by the district attorney, in which he urges that we were in error in concluding on original submission that the evidence did not sustain the averment of a wilful and malicious alteration of the record. We have again examined the statement of facts. The evidence pro and con on the point at issue can not be reconciled, and it would serve no useful purpose to detail at length the conflicting evidence. The cases cited by the State in support of its motion are those of prosecutions for obstructing a public road, which we think furnish no close parallel to the instant case.

We commend the able district attorney for his interest in pressing his views but have been unable to reach a different conclusion than expressed in our original opinion.

The State's motion for rehearing is overruled.

*Overruled.*